**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ELYEZER DIAS DE SOUZA,**<br>**Petitioner,**<br><br>**v.**<br><br>**MONIZ et al.,**<br>**Respondents.** | **Case No. 1:26-cv-13639-JEK** |

**PETITIONER'S EMERGENCY MOTION TO ENFORCE HABEAS JUDGMENT AND FOR IMMEDIATE RELEASE ON CONDITIONS OF SUPERVISION**

1. Petitioner Elyezer Dias De Souza respectfully moves this Court, pursuant to its inherent authority to enforce its own judgments and 28 U.S.C. § 2241, to enforce the Court's August 13, 2026 Order granting his petition for a writ of habeas corpus. ECF No. 7. Petitioner asks the Court to order his immediate release on reasonable conditions of supervision or, in the alternative, to order Respondents to release him unless they provide a constitutionally adequate custody hearing within forty-eight hours.

2. The Immigration Court convened a custody redetermination hearing on August 20, 2026, and issued a written decision denying bond on August 25, 2026. That proceeding did not supply the constitutionally adequate § 1226(a) hearing this Court ordered.

3. This Court held that the Government bore the burden of justifying continued detention and that bond could be denied only if DHS proved dangerousness by clear and

convincing evidence or flight risk by a preponderance of the evidence. ECF No. 7 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021)). The Immigration Judge expressly found that DHS failed to prove dangerousness. The sole remaining basis for detention is therefore flight risk.

4. On the face of the written decision, that finding cannot stand as an application of the burden this Court imposed. The Immigration Judge identified no failure to appear, no attempt to abscond, no escape, no violation of immigration supervision, and no evasion of legal process. The decision instead converted motor-vehicle misconduct—already held insufficient to establish dangerousness—into proof of future nonappearance, discounted a Form I-589 that has been pending since 2022 as "speculative," and then declared, without analysis of any particular condition, that no combination of conditions could reasonably assure attendance.

5. Petitioner does not ask this Court to reweigh ordinary *Guerra* factors or to sit as an appellate immigration court. He asks the Court to enforce the judgment it already entered: a hearing at which DHS, not Petitioner, must establish that detention is necessary under *Hernandez-Lara*. Because the written decision demonstrates that the Government did not carry that burden as a matter of law, immediate release subject to reasonable conditions is the appropriate remedy. In the alternative, the Court should order a new constitutionally adequate hearing within forty-eight hours before a different Immigration Judge.

## I. REQUEST FOR EXPEDITED CONSIDERATION

6. Petitioner remains detained at the Plymouth County Correctional Facility despite this Court's grant of habeas relief on August 13, 2026. Every additional day of confinement prolongs a deprivation of liberty that this Court has already determined must be justified under §

1226(a) and *Hernandez-Lara*. Petitioner respectfully requests expedited consideration and, if the Court deems it necessary, a prompt hearing.

## II. INTRODUCTION

7. On August 13, 2026, this Court granted Petitioner's § 2241 petition. The Court rejected Respondents' contention that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and held that § 1226(a) governs. ECF No. 7. The Court ordered a bond hearing within seven days at which the Government bears the *Hernandez-Lara* burden. *Id.*

8. The Immigration Court held that hearing on August 20, 2026. In the written decision dated August 25, 2026, Immigration Judge Kathryn Frames correctly recited *Hernandez-Lara* and correctly found that DHS failed to establish dangerousness by clear and convincing evidence. Dangerousness is therefore no longer a lawful basis for detention.

9. What remains is a flight-risk finding that does not rest on evidence of flight. "Merely stating the proper standard does not discharge the obligation to correctly apply the standard." *Akinsanya v. Garland*, 125 F.4th 287, 297 (1st Cir. 2025). A petitioner may establish failure to apply the correct legal standard from the language of the decision itself, or by showing that the evidence could not, as a matter of law, support the custody determination. *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass. 2019); *Vargas v. Warden, Plymouth Cnty. Corr. Facility*, No. 26-cv-11740-AK, 2026 WL 1453510, at *8 (D. Mass. May 22, 2026).

10. Both showings are present here. The decision's own findings eliminate the traditional indicia of flight risk. The evidence cited in their place—traffic-related misconduct and uncertainty about the ultimate merits of an already-pending asylum application—cannot, as a matter of law, satisfy a preponderance burden that the Government, not Petitioner, was required to

carry. The independent failure to consider less-restrictive conditions confirms that the proceeding did not supply the process this Court's judgment required.

## III. BACKGROUND

### A. The Court's habeas judgment.

11. Petitioner filed his § 2241 petition on August 9, 2026, one day after ICE arrested him. ECF No. 1. He is a twenty-year-old native and citizen of Brazil who entered the United States approximately five years ago as a fourteen-year-old accompanying child. ECF No. 7. He has remained in ICE custody at Plymouth County Correctional Facility. *Id.*

12. On August 13, 2026, this Court granted the petition. Following *Gomes v. Hyde*, 804 F. Supp. 3d 265 (D. Mass. 2025), *dos Santos v. Noem*, No. 25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025), and *Sampiao v. Hyde*, 799 F. Supp. 3d 14 (D. Mass. 2025), the Court held that § 1226(a)—not § 1225(b)—governs Petitioner's detention. ECF No. 7. The Court ordered Respondents to provide a § 1226(a) bond hearing within seven days and to file a status report within twenty-four hours of the Immigration Judge's decision, including the reasons for any denial. *Id.*

### B. Facts material to appearance, as reflected in the bond record and the Immigration Judge's findings.

13. The Immigration Judge expressly acknowledged the following favorable facts: Petitioner's five years of physical presence in the United States; a fixed address; sponsorship; employment and tax-payment history; a pending application for relief; and community ties. These findings are directly relevant to the flight-risk inquiry and weigh against a finding that Petitioner

presents a risk of flight.

14. The bond submissions also included evidence that Petitioner graduated from Concord-Carlisle High School with the Class of 2025; that his father, mother, and sister reside in Massachusetts; that a United States citizen sponsor, Marcos Fabiano Pereira, pledged in writing to assist Petitioner in attending all future hearings; that Petitioner appeared before the Middlesex County Juvenile Court on September 20, 2024; and that a Form I-589, Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture has been pending since 2022, when Petitioner was still a minor.

15. Petitioner does not minimize his motor-vehicle history. The record includes matters associated with driving after suspension of his Massachusetts license. The Immigration Judge noted that a charge for operating after a suspended license was dismissed and that a charge for negligent operation was continued without a finding. Counsel explained that Petitioner had driven to school. Both parties agreed that his license is currently restricted. The record contains no finding that Petitioner fled prosecution, escaped from authorities, concealed himself from a court, or failed to appear when ordered.

**C. The Immigration Judge rejected dangerousness and denied bond solely on flight risk.**

16. The custody redetermination hearing convened on August 20, 2026. In the August 25 written decision, the Immigration Judge held that DHS "did not meet its burden of proving that the Respondent is a danger to the community by clear and convincing evidence," because "the record contains little evidence regarding the circumstances surrounding the Respondent's arrest."

17. The Immigration Judge nevertheless found flight risk by a preponderance. The decision states that DHS argued Petitioner is a flight risk "because his relief is speculative and he

has former charges indicating a repeated violation of the laws of the United States." *Id.* After acknowledging the favorable facts listed above, the Immigration Judge characterized the pending Form I-589 as "speculative," and expressed that "the Court is gravely considered by the Respondent's pattern of disregarding the laws of the United States," and concluded that "there are no conditions or combination of conditions that would reasonably assure his attendance at future hearings." Bond was denied.

**IV. LEGAL STANDARD**

18. A district court possesses inherent authority to enforce its own judgments, including judgments granting habeas relief. Where a federal court orders a bond hearing as habeas relief, Respondents do not satisfy that judgment merely by convening a proceeding labeled a "bond hearing." The hearing must comport with the constitutional and statutory requirements that formed the basis of the Court's relief.

19. Courts in this District have entertained motions to enforce habeas judgments where the custody proceeding provided by immigration authorities did not satisfy constitutional requirements. *See, e.g.*, *Gamitto de Souza v. Wesling*, No. 1:26-cv-12059-ADB, ECF No. 14 (D. Mass. July 27, 2026); *Rogerio Ramos v. Moniz*, No. 26-cv-11388-LTS, ECF No. 19 (D. Mass. Apr. 27, 2026); *Mijango Velasco v. Wesling*, No. 26-cv-11355-LTS, ECF No. 19 (D. Mass. Apr. 24, 2026); *Palma Aguirre v. Moniz*, No. 26-cv-11927-LTS, ECF No. 16 (D. Mass. May 21, 2026); *Vargas*, 2026 WL 1453510; *Martinez Aguilar v. McDonald*, No. 25-cv-13638-LTS, ECF No. 17 (D. Mass. June 5, 2026).

20. Section 1226(e) does not bar review of constitutional claims or questions of law, including whether the Immigration Judge applied the correct burden and whether the evidence was

legally sufficient to support continued detention. *Vargas*, 2026 WL 1453510, at *5–8; *Diaz Ortiz*, 384 F. Supp. 3d at 143. An administrative bond appeal is not an adequate substitute for enforcement of this Court's own judgment while Petitioner remains incarcerated.

21. Under *Hernandez-Lara*, the Government must prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence. 10 F.4th at 41. Due process also requires meaningful consideration of whether conditions of release can mitigate any established risk before continued detention is ordered. *See Costa v. McDonald*, No. 25-cv-13469-AK, 2026 WL 371198, at *2–3 (D. Mass. Feb. 10, 2026); *Doe v. Tompkins*, No. 18-12266, 2019 WL 8437191, at *2 (D. Mass. Feb. 12, 2019). That requirement follows from the nature of the liberty interest even where the habeas order does not separately enumerate it.

## V. ARGUMENT

### A. Dangerousness is no longer a lawful basis for detention.

22. This point is undisputed. DHS argued danger based principally on Petitioner's motor-vehicle history. The Immigration Judge rejected that argument: "DHS did not meet its burden of proving that the Respondent is a danger to the community by clear and convincing evidence." Continued detention could stand only if DHS separately carried its burden to establish flight risk by a preponderance. It did not.

### B. The written decision identifies no evidence of flight, absconding, or failure to appear, and is therefore legally insufficient to support a preponderance finding.

23. The Immigration Judge listed the traditional *Guerra* / *Shaw* factors, including "[a]ttempts to escape from authorities or other flight to avoid prosecution" and "[p]rior failures to appear for court proceedings." Neither exists in this record.

24. The written decision identifies no occasion on which Petitioner failed to appear for an immigration hearing; no failure to appear in a criminal proceeding; no escape; no attempt to conceal his location; no violation of immigration supervision; and no effort to flee after learning that authorities sought him. The affirmative evidence points the other way. Petitioner maintained a fixed Massachusetts address. His immediate family resides in Massachusetts. He attended and graduated from high school here. He worked and paid taxes here. He has a United States citizen sponsor here. His asylum application has been pending here since 2022. The record also includes documentation that he appeared before the Middlesex County Juvenile Court on September 20, 2024.

25. A motor-vehicle violation is not a failure to appear. Driving on a suspended license is not an attempt to escape authorities. Repeated traffic violations do not, without an evidentiary bridge, establish that a person is more likely than not to abscond from immigration proceedings. The Government bore the burden of supplying that bridge. The decision identifies none.

26. This is not a request that the Court assign a different weight to competing inferences. It is a demonstration that the decision, read on its own terms, does not contain the quantum of proof *Hernandez-Lara* requires. When the evidence cited cannot, as a matter of law, establish the fact the Government was required to prove, the custody determination cannot stand. *Diaz Ortiz*, 384 F. Supp. 3d at 143; *Vargas*, 2026 WL 1453510, at *8.

**C. Generalized assertions of "disrespect for the law" are not a substitute for proof of future nonappearance.**

27. The decision's central adverse finding is that the Court "is gravely considered by the Respondent's pattern of disregarding the laws of the United States." The constitutional

question, however, was not whether Petitioner had always obeyed every law. It was whether DHS established, by a preponderance, that Petitioner poses a risk of flight.

28. The Immigration Judge herself determined that the same motor-vehicle history did not establish dangerousness. That history was then reused to establish flight risk without identifying how traffic misconduct demonstrated a likelihood of nonappearance in immigration court. *Matter of Andrade*, 19 I&N Dec. 488 (BIA 1987), permits consideration of a criminal record insofar as it indicates consistent disrespect for the law. It does not convert every lawful-but-adverse fact into proof of absconding, and it does not relieve DHS of the *Hernandez-Lara* burden once dangerousness has been rejected.

29. Petitioner was fourteen when he entered the United States with his parents. He is now twenty. The driving history arose during adolescence and early adulthood after vehicle-equipment violations resulted in suspension. That context does not excuse the conduct. It does confirm that the conduct is not evidence of an adult plan to evade removal proceedings. A generalized conclusion of "disregard for the law" cannot satisfy a preponderance burden where the record contains no failure to appear and contains substantial affirmative evidence of residence, family, education, employment, sponsorship, and an ongoing immigration case.

**D. Characterizing a Form I-589 pending since 2022 as "speculative" does not satisfy the Government's burden and misapplies *Matter of A-L-S-*.**

30. The Immigration Judge relied on the proposition that Petitioner's Form I-589 and any resulting relief are "speculative," citing *Matter of Andrade* and *Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026).

31. Whether Petitioner ultimately qualifies for asylum, withholding of removal, or

protection under the Convention Against Torture is a question to be decided at the individual merits hearing, not in the custody redetermination proceeding. The issue here is narrower. Petitioner's applications for asylum, withholding of removal, and CAT protection have been pending since 2022, when he was approximately fifteen years old. These are not hypothetical future forms of relief dependent on events that have not occurred. Rather, Petitioner has actual, pending applications for relief before the immigration court, and the Immigration Judge should have evaluated them as such for purposes of the custody determination.

32. *Matter of A-L-S-* holds that "[s]peculative future eligibility for relief based upon conjecture or hypothetical future events does not materially diminish flight risk." 29 I&N Dec. at 794. The respondent there had entered as a visitor in 2012, remained unlawfully for more than a decade, had never filed any application for relief, and "the Immigration Judge mentioned that the respondent "plans to file a Form I-589 application to request protection in the United States" and that "the respondent "appears eligible to apply for cancellation of removal and adjustment of status if he is married and if a qualifying family-based petition is filed on his behalf" *Id.* at 796. The Board's conclusion was that "there is nothing to support the findings of the Immigration Judge that the respondent is even potentially eligible for relief from removal." *Id.* at 797.

33. This record is the opposite. There is an actual, filed, pending application for asylum, withholding of removal, and protection under the Convention Against Torture, submitted in 2022—years before ICE detained Petitioner and while he was still a minor. Nothing about its existence is conjectural. It is a live proceeding in which Petitioner's personal participation is required if he wishes to obtain protection, which supplies an affirmative incentive to appear even though the merits remain unresolved.

34. Two further limits on *Matter of A-L-S-* deserve emphasis. First, the Board decided that case under a framework in which the respondent bore the burden of establishing that he was not a flight risk. *Id.* at 795. In this Circuit that allocation is unconstitutional; DHS bears the burden. *Hernandez-Lara*, 10 F.4th at 41. *Matter of A-L-S-* cannot be used to shift onto Petitioner a burden that this Court's judgment placed on the Government. Second, even on its own terms, according a pending application reduced affirmative weight is not the same as finding affirmative proof of flight. Discounting one favorable factor does not discharge DHS's burden of proving nonappearance is more likely than not.

**E. The decision's treatment of the driver-safety course cannot support an inference of continuing noncompliance.**

35. The written decision states that Petitioner "provided a Massachusetts Court driver safety course referral form, but the record is deficient of evidence demonstrating that the Respondent participated or completed such a course." That characterization is material because the decision treats supposed continuing disregard of legal obligations as a principal reason for finding flight risk.

36. Petitioner's bond submission included documentation concerning the court-directed National Highway Safety Council driver-safety course and identified the court-ordered condition as addressed. Even if the exhibit is limited to a referral form, the existence of a court-directed remedial condition that Petitioner placed in the record cuts against—not toward—an inference that he hides from legal process. In either event, the Government, not Petitioner, bore the burden. The asserted deficiency in proof of course completion cannot supply the missing proof of flight.

**F. The favorable facts the Immigration Judge herself found address the precise question DHS was required to prove.**

37. The Immigration Judge expressly found five years of physical presence, a fixed address, sponsorship, employment history, tax-payment history, a pending application for relief, and community ties. Those facts bear directly on appearance. Against them, DHS offered the motor-vehicle history and the argument that immigration relief is speculative.

38. Once dangerousness was eliminated as a basis for detention, the remaining evidence was legally insufficient to establish, by a preponderance of the evidence, that Petitioner would fail to appear. DHS therefore failed to carry its burden of justifying continued detention.

**G. The Immigration Judge announced that no conditions could assure appearance without considering any condition.**

39. Even if the record supported some degree of flight risk, continued detention does not automatically follow. The Immigration Judge concluded that "there are no conditions or combination of conditions that would reasonably assure his attendance at future hearings." The decision does not identify a single condition considered and rejected. It does not explain why regular ICE reporting, GPS or electronic monitoring, a curfew, sponsorship by a United States citizen, or a prohibition on driving until the license is lawfully reinstated would be insufficient.

40. Petitioner offered to accept conditions of supervision, including a prohibition on driving until lawfully authorized and any reporting or electronic-monitoring requirement deemed appropriate. The sponsor committed to helping Petitioner comply with court requirements and attend future proceedings. The decision does not engage those proposed safeguards.

41. Due process requires the adjudicator to consider whether conditions of release or

alternatives to detention, such as electronic monitoring, would mitigate any danger or flight risk before ordering continued detention. *Costa*, 2026 WL 371198, at *2–3; *Doe*, 2019 WL 8437191, at *2. Courts in this District have enforced habeas judgments on this ground even where the immigration judge recited the correct burden of proof. *See Mijango Velasco*, No. 26-cv-11355-LTS, ECF No. 19; *Rogerio Ramos*, No. 26-cv-11388-LTS, ECF No. 19. A conclusory sentence is not a determination that less-restrictive alternatives cannot reasonably mitigate the identified risk. This omission independently renders the proceeding constitutionally inadequate.

**H. Recitation of *Hernandez-Lara* does not establish that the standard was applied.**

42. The Immigration Judge correctly quoted *Hernandez-Lara*. That is not enough. *Akinsanya*, 125 F.4th at 297. This Court ordered a hearing at which DHS bore the burden of establishing that continued detention was justified. The resulting decision (1) found that DHS had not established dangerousness; (2) identified no prior failure to appear or attempt to abscond; (3) treated traffic-related misconduct as proof of flight without a nexus to future nonappearance; (4) discounted a pending asylum application filed years before detention because its ultimate success was "speculative"; (5) shifted the burden to Petitioner by drawing an adverse inference from a supposed gap in evidence regarding his completion of a driver-safety course; (6) acknowledged substantial evidence of residence, family, sponsorship, employment, tax history, pending relief, and community ties; and (7) declared, without individualized analysis, that no condition could reasonably assure appearance.

43. On that record, recitation of the standard cannot substitute for its application.

**I. This motion seeks enforcement of this Court's judgment, not appellate review of discretionary weighing.**

44. Petitioner does not ask this Court to sit as an appellate tribunal over the Immigration Court, to decide whether one *Guerra* factor should have received slightly more weight than another, or to adjudicate the merits of his asylum application. The question is legal and constitutional: whether Respondents complied with the habeas judgment by providing the § 1226(a) hearing this Court ordered.

45. Section 1226(e) does not prohibit that inquiry. *Vargas*, 2026 WL 1453510, at *5–8. Respondents received the hearing this Court directed them to provide. They failed to carry the burden this Court expressly required it to carry. The liberty interest is immediate. Another unexplained round of detention should not become the cost of enforcing a judgment already entered.

**VI. IMMEDIATE RELEASE IS THE APPROPRIATE REMEDY**

46. Immediate release subject to reasonable conditions is warranted. Petitioner has already obtained habeas relief. Respondents were given the opportunity to justify continued detention at the constitutionally required hearing. DHS failed to establish dangerousness. As to flight risk, the written decision contains no identified failure to appear, escape, absconding, or violation of immigration supervision. Petitioner has substantial family, residential, educational, financial, employment, and community ties, an actual pending immigration proceeding, and a sponsor willing to ensure compliance. Any residual concern can be addressed through conditions considerably less restrictive than incarceration.

47. Petitioner is willing to comply with GPS or electronic monitoring, regular ICE

reporting, curfew requirements, supervision by his sponsor, a prohibition on operating a motor vehicle until lawfully authorized, or any other reasonable condition this Court deems appropriate.

48. Where the Government has already received the opportunity ordered by the Court and has failed to establish a constitutionally adequate basis for detention, another hearing should not become a mechanism for prolonging confinement. If, however, the Court declines to order immediate release, Petitioner asks the Court to order Respondents to provide a new compliant custody hearing within forty-eight hours before a different Immigration Judge, at which DHS bears the *Hernandez-Lara* burden and the adjudicator must make a particularized determination whether any condition or combination of conditions can reasonably assure appearance.

**VII. CONCLUSION**

49. For the foregoing reasons, Petitioner respectfully requests that this Court GRANT this Emergency Motion to Enforce Judgment and:

(a) find that the custody redetermination proceeding did not satisfy this Court's August 13, 2026 Order or the constitutional requirements applicable to detention under 8 U.S.C. § 1226(a);

(b) order Respondents to release Petitioner immediately, subject to reasonable conditions of supervision to be identified and imposed by the Court or DHS, including, if the Court deems appropriate, electronic monitoring, regular ICE reporting, sponsor supervision, and a prohibition on driving until Petitioner's license is lawfully reinstated;

(c) alternatively, order Respondents to provide Petitioner with a new constitutionally adequate bond hearing within forty-eight hours, before a different Immigration Judge, at which DHS bears the burden established by *Hernandez-Lara* and less-restrictive alternatives to detention are specifically considered and addressed on the record;

(d) order Respondents to file a status report confirming compliance within twenty-four hours of release or of the new hearing; and

(e) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Jonatas Silva
Jonatas Martins Silva, Esq.
BBO# 704254
Agape Law P.C.
200 Walnut Street,
Saugus, MA 01906
info@agapelawusa.com
(617) 758-8598

# LIST OF EXHIBITS

**Exhibit 1 —** Order of the Immigration Judge denying bond, dated August 25, 2026…………1-8

**Exhibit 2 —** U.S. Department of Homeland Security's Evidence Submission for the August 20, 2026 bond hearing, filed on August 19, 2026……………………………………………..9-22

**Exhibit 3 —** Respondent's Supplemental Pre-Hearing Statement and Evidence Package in Support of Custody Redetermination Hearing, with Exhibits A–K, filed on August 19, 2026; and Respondent's Supplemental Submission of Evidence in Support of Custody Redetermination, with Exhibits L–M, filed on August 20, 2026……………………………………………….23-101

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a)(2), counsel for Petitioner certifies that he conferred with counsel for Respondents regarding the relief requested in this motion.

Respectfully submitted,

Dated: August 29, 2026

Jonatas Silva

Jonatas Martins Silva, Esq.
BBO# 704254
Agape Law P.C.
200 Walnut Street,
Saugus, MA 01906
info@agapelawusa.com
(617) 758-8598

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing document was filed through the Court's CM/ECF system and served electronically on all counsel of record.

Respectfully submitted,

Dated: August 29, 2026

Jonatas Martins Silva, Esq.
BBO# 704254
Agape Law P.C.
200 Walnut Street,
Saugus, MA 01906
info@agapelawusa.com
(617) 758-8598